IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

**PATRICIA M. AHNEMAN, JR.,**          *
                                        *
    **Plaintiff,**                      *
                                        *
v.                                      *     No. _____
                                        *
                                        *     **Jury Demanded**
**FEDERAL EXPRESS CORPORATION,**        *
                                        *
    **Defendant.**                     *

___

**COMPLAINT FOR GENDER DISCRIMINATION AND RETALIATION
IN EMPLOYMENT**
___

COMES NOW the Plaintiff, Patricia M. Ahneman, Jr., and would state unto the Court as follows:

### I.  Introduction

1. This lawsuit is instituted pursuant to Title VII of the Civil Rights Act of 1964 [hereinafter "Title VII"], 42 U.S.C. § 2000e et seq. as amended.  This Court's jurisdiction lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § § 1331.

### II.  Jurisdiction and Venue

2. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have occurred or been complied with, to wit:  a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 300 days of the commission of the unfair employment practice by the plaintiff (attached Exhibit A); a Notice of Right-to-Sue

{}

1

was received from the Equal Employment Opportunity Commission on the charge (attached Exhibit B); and this Complaint was filed within 90 days of receipt of the Notice of Right-to-Sue on the discrimination charge.  Jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended.

3. Defendant's principal place of business is in Shelby County, Tennessee and Plaintiff maintains a residence in Shelby County, Tennessee such that this court has personal jurisdiction over the parties.

4. A substantial portion of the events complained of herein took place in the Western District of Tennessee such that venue is proper with this Court.

### III. Parties

5. Plaintiff, Patricia M. Ahneman, Jr. [hereinafter "Plaintiff" or "Plaintiff Ahneman"], is an adult resident of Cocoa, Florida and maintains a residence in Shelby County, Tennessee. She is a permanent employee of the defendant, Federal Express Corporation [hereinafter "Defendant-Company"], and presently works as a pilot.

6. Defendant-Company, Federal Express Corporation, is a corporation, authorized to do and is doing business within the state of Tennessee.  At all relevant times hereinafter mentioned, Defendant-Company was an employer as defined by 42 U.S.C. § 2000e-(b).

### IV. Facts

7. Plaintiff was employed by Defendant for several years as a pilot prior to the events complained of herein.

{ }

8. In 2002 or 2003 Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. This Charge was resolved sometime in 2006 or 2007.

9. In 2010 Plaintiff started B-777 training which was a promotion.

10. Prior to piloting a B-777, Plaintiff piloted an A300. The B-777 is a promotion because it results in a higher pay rate for Plaintiff due to longer flights.

11. During the course of her training, Plaintiff's male instructor would yell at her and refused to answer her questions.

12. The male pilot going through the training at the same time as Plaintiff was not yelled at and had his questions answered.

13. Plaintiff was also denied the opportunity to practice her landings and approaches, while the male counterpart was not similarly denied.

14. Plaintiff was advised by her male instructor that he was giving her an "Incomplete" on her training, while he went forward with the exam for the male counterpart. This was treated as a failure by the Training Review Board.

15. As a result of this, Plaintiff's certification to pilot a B-777 was delayed.

16. Plaintiff was given an "Unsatisfactory" rating on an October 2010 operating experience after receiving a rating of "Satisfactory" on all of the training exercises.

17. Plaintiff was rated as unsatisfactory by her male trainer for allegedly failing to complete a task which Plaintiff had three and one-half (3-1/2) hours to complete. Plaintiff was not given the allotted time to complete the task by the instructor before he gave her a failing mark.

{}

18. Plaintiff was given an "Unsatisfactory" rating in a November 2010 activation check by her male trainer, allegedly for filing to satisfactorily land her plane on two (2) attempts. This was done after the trainer told Plaintiff that he was going to pass her.

19. As a result of these unsatisfactory ratings, Plaintiff was referred to the Training Review Board ("Board").

20. Before the Board, Plaintiff questioned the differing treatment she received in comparison to her training partner and brought up the issue of the yelling to which she was subject.

21. During this discussion, Plaintiff did become emotional and began to cry.

22. After crying before the Board, Plaintiff was immediately removed from her flight routes and compelled to go through a psychiatric examination, neuropsychological examination and medical examination, which included a chest x-ray and blood test.

23. After completion of the examination, Plaintiff was forced to go through additional steps for recertification.

24. The Board recommended that Plaintiff complete additional specific training.

25. On August 30, 2011, Plaintiff filed a Charge of Discrimination related to the conduct outlined herein.

26. Subsequent to the 2011 Charge, pornographic pictures were place in Plaintiff's locker at work.

27. Subsequent to the 2011 Charge, Plaintiff received a complaint by the Fleet Captain that the Airbus captain who was the subject of the 2003 Charge reported that Plaintiff did not like him and they would be forced to fly together. Plaintiff was then examined about how she would treat this captain.

{}

28. Subsequent to the 2011 Charge, Plaintiff's former training partner has caused others to refer to her as the "Puppet Lady" by telling others that she pulled out a puppet and had people talk to it. This is an untrue charge against Plaintiff and has caused her to be held up to scorn and ridicule.

### V. Gender Discrimination

29. Plaintiff hereby restates and incorporates herein by reference the allegations contained in paragraphs 1 – 28.

30. As a female, Plaintiff's employment is protected against gender discrimination based upon her sex by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000e et seq.

31. Plaintiff avers that she was stereotyped, given unsatisfactory ratings and had her promotion delayed because of her sex (female).

32. Plaintiff avers upon information and belief that one or more male employees with similar records were not subjected to the same processes before the Board and were not subjected to the same examinations as Plaintiff experienced.

33. As a result of the conduct complained of herein, Plaintiff has suffered a loss of earnings and benefits.

34. As a result of the conduct complained of herein, Plaintiff has suffered and continues to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

35. Due to the willful, intentional, pervasive and malicious nature of Defendant-Company's acts, Plaintiff is entitled to punitive damages to dissuade the Defendant from such future conduct.

### VI. Retaliation in Employment

36. Plaintiff hereby restates and incorporates herein by reference the allegations contained in paragraphs 1 – 35.

37. As an individual who has filed a Charge of Discrimination and/or complained about discrimination in the workplace, Plaintiff is protected against retaliation by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000e et seq.

38. Plaintiff avers that she was given unsatisfactory ratings in retaliation for her 2002 or 2003 Charge of Discrimination.

39. Plaintiff avers that she has been subjected to a hostile environment because of her filing of the 2011 Charge of Discrimination.  Examples of the creation of this environment include, but are not limited to the placing of the pornographic pictures in her locker and being examined about her conduct towards an individual who was the subject of a prior discrimination complaint and being held up to embarrassment and ridicule, all without any justification.

40. As a result of the conduct complained of herein, Plaintiff has suffered a loss of earnings and benefits.

41. As a result of the conduct complained of herein, Plaintiff has suffered and continues to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

{}

42. Due to the willful, intentional, pervasive and malicious nature of Defendant-Company's acts, Plaintiff is entitled to punitive damages to dissuade the Defendant from such future conduct.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

1. That the Court find that the Defendant-Company discriminated and/or retaliated against Plaintiff in the terms and conditions of her employment on the basis of her gender and/or in retaliation for her having previously filed a Charge of Discrimination in violation of 42 U.S.C. § 2000e et seq., declare such practices of Defendant-Company unlawful, and enjoin Defendant-Company from any further acts of unlawful discrimination and/or retaliation;

2. That this Court award Plaintiff damages to fully compensate her for her loss of earnings, fringe benefits, plus interest, and compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

3. That Plaintiff be awarded punitive damages in such amount as the jury may find reasonable for Defendant-Company's illegal actions;

4. That Plaintiff be awarded reasonable attorney's fees and the costs of this action;

5. That Plaintiff be awarded such other and further relief as may be deemed just and proper; and

Plaintiff requests that a jury try the issues when joined.

{}

Respectfully submitted,

/s/ James R. Becker, Jr.
JAMES R. BECKER, JR. (#16582)
Becker Law Firm
5100 Poplar Avenue, Suite 2606
Memphis, TN  38137
(901) 881-6205
jbecker@memphisemploymentlawyer.net

{ }